FILED
IN OPEN COURT

FEB 1 6 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 2:15cr152 |
| | ) | |
| KENNETH LEE PARKER, | ) | |
| a/k/a "KP" | ) | |

## STATEMENT OF FACTS

The parties agree to the following facts and agree that the United States would have proved the same, beyond a reasonable doubt, at trial.

1. The defendant KENNETH LEE PARKER, (hereinafter referred to as PARKER or "the defendant") violated Title 21, United States Code, Section 846. From 2010 to the date of the indictment, the defendant conspired with others to manufacture, possess with intent to distribute and distribute 1 kilogram or more of Heroin.

2. The government has more than 19 cooperating witnesses ("CWs") who have testified before a Norfolk federal grand jury about the involvement of PARKER, themselves, and others in heroin and cocaine distribution activities in Norfolk and Virginia Beach. The CWs detail a multi-year involvement in a conspiracy that involved the distribution of more than 1 kilogram of heroin and the distribution of cocaine. The CWs detailed how these substances where manufactured (processed and packaged), possessed with intent to distribute, and distributed heroin and cocaine from various locations in Norfolk and Virginia Beach. The CWs detailed how they travelled out of state to secure controlled substances, as well as securing quantities locally. The CWs detailed how they all used cellular phones to facilitate narcotics transactions. The CWs detailed how they all used residences to manufacture (package and process) heroin. The CWs detailed the drug-involved premises and other locations were used to distribute

cocaine and heroin.

3. In August 2012, PARKER and his nephew (CW) travelled to Arizona, where his nephew funded the purchase of a kilogram of cocaine and then shipped a box containing about a kilogram of cocaine to Norfolk, Virginia that was seized by law enforcement. His nephew (CW) and others testified before a grand jury concerning this trip and other trips around that time to Arizona for this same unlawful purpose.

4. The cellular records of the phone (with the number 757-xxx-4683) seized from PARKER on January 24, 2015 establish thousands of phone and text contacts between PARKER, UCCs and CWs. PARKER's cellular data shows during 2014-2015, he made approximately 18 trips (as short as one-day) to New Jersey. These trips were to secure heroin from a New Jersey source of supply in the amounts of approximately 100 grams (or more) per trip according to the CWs and other information in the case.

5. In January 2015, the Century Drive Virginia Beach residence of PARKER was searched and law enforcement found cocaine, scales, drug records and other indicia of distribution. In April 2015, the defendant made another trip to New Jersey to secure heroin shortly after his release from state custody in March 2015 and secured about 100 grams of heroin, according to a CW. ~~In August 2015, in Norfolk the defendant distributed heroin to a CW who was arrested shortly thereafter while delivering it to another person.~~ In October 2015, PARKER used his new cellular phone, 408-xxx-1343, to facilitate a heroin transaction. He was arrested leaving an apartment in Chesapeake.

6. The parties agree that PARKER violated 21 U.S.C. § 846 (Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute 1 kilogram or more of Heroin) as alleged in Count One of the Indictment. The parties further agree that the Court will determine the sentence

2

to be imposed for the defendant in accordance with paragraph 5 of the Plea Agreement. Therefore the parties respectfully request that the Court find the defendant guilty and set a sentencing hearing for PARKER. The incidents described occurred in the Eastern District of Virginia and elsewhere.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Kevin M. Comstock
Assistant United States Attorney

Defendant's Signature: After consulting with my attorney and pursuant to the plea agreement, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
KENNETH LEE PARKER – Defendant

Defense Counsel's Signature: I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Counsel for Defendant

3