IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | CRIMINAL NO. 2:15cr152 |
|  | ) |  |
| KENNETH LEE PARKER | ) |  |
| Defendant. | ) |  |

GOVERNMENT'S POSITION REGARDING SENTENCING

Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Kevin M. Comstock, Assistant United States Attorney, pursuant to the United States Sentencing Guidelines, 18 U.S.C. §3553(a), *United States v. Booker*, 125 S. Ct. 738 (2005) and the local rules, represents that it has reviewed the Probation Officer's presentence report; and it agrees in *some respects* with factual findings under the preponderance of the evidence standard except for *some objections* to the Presentence Report (PSR), and finally respectfully submits that a sentence sufficient but not greater than necessary is appropriate in light of the Section 3553(a) factors discussed below.

1. *18 U.S.C. § 3553(a)(1).* The offense in Count One of the Indictment involves the distribution and possession with intent to distribute heroin, with a focus on the activities of the defendant from 2010 forward. It is fair to say that Heroin is a very dangerous drug to society and the individual, as documented by the history of the defendant's substance abuse. The history of the defendant details a significant criminal record that has led to his designation as a *criminal history category VI*. It is fair to say however that his record is consistent in general respects with those related-defendants listed in the PSR. *See paragraphs 36-39 of PSR.* It is fair to say that the defendant's record is consistent with many of the CWs in this case, even if not listed as related cases. It is fair to say that despite his record, it is his first time in federal court as an

adult. It is fair to say that the defendant has had a lengthy history of substance abuse, including most problematically for heroin over a lengthy period of his adult life.

2A. *18 U.S.C. § 3553(a)(2)(A).* It is fair to say that the offense is very serious and the sentence needs to be significant enough as to promote respect for the law while mindfully also promoting a fair and just punishment for a defendant currently 51 years old. The Court may consider life expectancy to some degree as it relates to such a defendant.

2B. *18 U.S.C. § 3553(a)(2)(B).* It is fair to say that the sentence imposed should seek to deter the defendant from further crimes. Given his likely age upon release from incarceration and termination of supervised release, it is likely the defendant will be deterred from further crime, given the possible sentences he faces that include a minimum period of supervised release.

2C. *18 U.S.C. § 3553(a)(2)(C).* It is fair to say that the sentence imposed should help the defendant achieve further education, receive needed medical care and any other correctional treatment in the most effective manner. Given his long history of substance abuse and arguable failures by relapsing multiple times after treatment, it is fair to not be overly optimistic he will conquer his addiction, but it is nonetheless fair to respectfully recommend that the Court strongly consider: 1) the RDAP program, 2) Mental Health counseling, and 3) any other treatments that may prove effective. Hopefully, he will age-out of substance abuse and crime.

3. *18 U.S.C. § 3553(a)(3).* The sentences available to the Court range from ten (10) years imprisonment to Life imprisonment by virtue of the congressional statute applicable in this matter. At sentencing, the government will respectfully recommend a *fair and just* sentence that is far lower than the statutory maximum punishment for the crime of conviction but in its view reasonably above the mandatory minimum of 10 years.

4. *18 U.S.C. § 3553(a)(4).* Since the *Booker* decision, the advisory guidelines are but *one of seven* 3553(a) factors applicable to sentencing. If the objections are resolved as counsel in the case propose to the Court, the advisory guideline sentence range is established by a drug level "of at least 10 kilograms but less than 30 kilograms of heroin." The guideline range is based on drug weights of agreed by counsel (and his client) and a criminal history category VI.

5. *18 U.S.C. § 3553(a)(5).* The pertinent policy statements issued by the Sentencing Commission should be considered if appropriate.

6. *18 U.S.C. § 3553(a)(6).* The absolute need to avoid *unwarranted disparities* between defendants with similar records, convicted of similar offenses, is significantly important in general and appears to be very applicable in this case. It is fair to say that this is the most critical 3553(a) factor in the opinion of counsel in this case. With several federal related-defendants with *similar lengthy records* receiving sentences of 120 months, 180 months, 188 months, and 240 months, the Court could look average for guidance.[1] The average sentence is 182 months or just over 15 years.[2] It is fair to ask the Court to consider this related case factor along with the other factors in this case.

7. *18 U.S.C. § 3553(a)(7).* It is fair to say restitution is not applicable in this case.

8. *Conclusion.* Accordingly, the United States at sentencing will recommend a sentence sufficient but not greater than necessary, under the 3553(a) factors. Such a sentence is one that is hopefully sufficient but not greater than necessary, is a *fair and just* sentence, and it is one that is hopefully *significant enough* given his *age* to alter the course of the defendants' criminal

---

[1] The related-defendant not listed in the PSR that we assert is pertinent to the Court's (a)(6) analysis was a career offender listed as a CW in the criminal complaint in the case against Parker and who testified in the grand jury. Perry received 120 months, subsequent to his *third* prosecution in federal court in Norfolk, all by this Assistant U.S. Attorney. *See, U.S. v. Perry, Criminal Number 2: 14cr144.*

[2] This analysis excludes the CW (and related case defendant) who received 235 months in *1997* listed in paragraph 37 of PSR.

behavior, substance abuse problems, self-defeating short-term thinking, and self-destructive actions.

>						Respectfully submitted,
>
>						DANA J. BOENTE
>						UNITED STATES ATTORNEY
>
>				By:			/s/
>						Kevin M. Comstock
>						Assistant United States Attorney
>						Virginia State Bar 39460
>						United States Attorney's Office
>						101 West Main Street, Suite 8000
>						Norfolk, Virginia 23510
>						Office Number - (757) 441-6331
>						Facsimile Number - (757) 441-6689
>						Email Address: Kevin.Comstock@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of June 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>   Anthony Gantous, Esquire
>   Counsel for Defendant Parker
>   150 Boush Street, Suite 8013
>   Norfolk, VA 23510
>   Telephone Number - 757-625-7777
>   Facsimile Number - 757-457-0880
>   E-mail Address – anthony@piercandthornton.com

I certify that on this 8th day of June 2016, I caused a true and correct copy of the foregoing Position of the Government with Respect to Sentencing Factors to be either *mailed or emailed* to the following probation officer:

>   Carmen I. Perez
>   U.S. Probation Officer
>   600 Granby Street, Suite 200
>   Norfolk, VA 23510
>   Carmen_I_Perez@vaep.uscourts.gov

By: /s/
Kevin M. Comstock
Assistant United States Attorney
Virginia State Bar 39460
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - (757) 441-6331
Facsimile Number - (757) 441-6689
Email Address: Kevin.Comstock@usdoj.gov