**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Norfolk Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 2:15-cr-00152 |
| | ) | |
| | ) | |
| KENNETH LEE PARKER | ) | |
| | ) | |

**POSITION WITH RESPECT TO SENTENCING FACTORS**

The defendant, Kenneth Lee Parker, by counsel, pursuant to Section 6A1.2 of the Sentencing Guidelines and Policy Statements and the Court's Sentencing Procedures Order, respectfully states the defendant's position with respect to sentencing factors. Mr. Parker's admitted conduct, willingness to cooperate, and the requirement to avoid unwarranted sentencing disparities warrants a sentence below 168 months.

**I.      STATUTORY AND GUIDELINES OVERVIEW**

Mr. Parker comes before the Court for sentencing on one count of Conspiracy to Manufacture, Distribute and Possession with Intent to Distribute One (1) Kilogram or More of a Mixture and Substance Containing a Detectable Amount of Heroin, in violation of 21 U.S.C. 846, 841(a)(1) and (b)(1)(A), a Class A Felony, which carries a statutory minimum term of 10 years imprisonment, a fine of $10,000,000, at least five years of supervised release, and a $100 special assessment. The United States Probation Officer has calculated a Guideline Range of Life (Total Offense Level 46; Criminal History Category VI). Mr. Parker respectfully disagrees

with the Presentence Investigation Report (hereinafter referred to as "PSR") and disputes portions of its contents, as detailed below.

## II.    OBJECTIONS[1]

### A.  Paragraph 95 – Base Offense Level

The only drug weights that should be applied to Mr. Parker's Base Offense Level calculation are the heroin he has admitted to during the relevant period of time encompassing the Superseding Indictment, which is from 2010 to 2015. Any additional weights and all other drugs should be removed because they lack support (e.g., statements made by unidentified cooperating witnesses) and/or are too remote in time (e.g., marijuana and crack from the 1990's). Moreover, Mr. Parker's Plea Agreement only encompasses his involvement with heroin, which further supports the removal of other drugs from his Base Offense Level calculation.

More specifically, Mr. Parker admitted in debriefs and in Grand Jury testimony (subsequent to his plea) to manufacturing, distributing, and/or possessing with the intent to distribute approximately 17 kilograms of heroin. As such, pursuant to USSG § 2D1.1(c)(3) (at least 10 KG but not more than 30 KG of heroin), Mr. Parker's Base Offense Level should be lowered from 38 to 34.

### B.    Paragraph 96 – Dangerous Weapons

There is insufficient corroboration to enhance Mr. Parker two points for a dangerous weapon. The Fourth Circuit opinions regarding this enhancement are frequently fact specific. *See, United States v. Johnson*, 943 F.2d 383, 386 (4th Cir. 1991) (holding possession of the weapon during the commission of the offense is all that is needed to invoke the enhancement); *United States v. Nelson* , 6 F.3d 1049, 1056 (4th Cir. 1993) (an enhancement was upheld when

---

[1] Pursuant to the Addendum to the PSR, the Government has also advised the Probation Office of the same Base Offense Level objections (paragraphs 95, 96, 97, 98, 99, and 101) as the defense.

the guns and drugs were located in the same home); *cf., United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. S.C. 2001), (the Court ruled that although the witness saw the defendant on many occasions with a handgun, it was insufficient for the enhancement without testimony that the defendant had a gun during a drug transaction).

Mr. Parker has never admitted to using a gun, nor has he ever been found with a gun in connection with this matter. In fact, the recent search of his home stemming from this matter did not reveal any guns or other dangerous weapons. Moreover, Mr. Parker's Plea Agreement and Statement of Facts do not contain any reference to guns or other dangerous weapons. As such, Mr. Parker's Total Offense Level should be reduced by two points.

C.      *Paragraph 97 – Violence or Threats of Violence*

There is insufficient corroboration to enhance Mr. Parker two points for using or threatening violence. Any potential basis for this enhancement stems from unidentified witnesses and/or is too remote in time. Furthermore, there is no basis for this enhancement in Mr. Parker's Plea Agreement or Statement of Facts. As such, Mr. Parker's Total Offense Level should be reduced by two points.

D.      *Paragraph 98 – Maintaining Premises for Manufacturing or Distributing Drugs*

There is insufficient evidence that Mr. Parker used his current home or other premises to sell or manufacture controlled substances. Any reliable information concerning his illegal drug activity occurred outside of his current home (which he shared with his wife) or other premises that he controlled. In fact, while the recent search of his current home did reveal a small quantity of cocaine, it was an amount more in line with personal consumption, as opposed to the manufacturing or distribution of controlled substances.

In the Fourth Circuit, the offense of maintaining a drug-involved premises requires proof that the defendant: (1) knowingly; (2) opened, leased, rented, or maintained any place; (3) for the purpose of manufacturing, distributing, or using any controlled substance. *See, United States v. Goff,* 404 Fed. Appx. 768, 770-771 (4th Cir. W. Va. 2010). There is no reliable indication that Mr. Parker maintained any premises for the <u>purpose</u> of manufacturing, distributing, or using any controlled substance. Any drug distribution or use in a premises owned or rented by Mr. Parker was merely a collateral use, and Section 2D1.1(b)(12) does not apply and should not be used to enhance Mr. Parker's sentence. As such, Mr. Parker's Total Offense Level should be reduced by two points.

E.      *Paragraph 99 – Distribution to a Minor or Involvement of a Minor*

Any allegation that Mr. Parker used a minor as part of his illegal activity is unreliable and/or stems from the 1990's and is therefore too remote in time to be included as an enhancement. As such, Mr. Parker's Total Offense Level should be reduced by two points.

F.      *Paragraph 101 – Manager or Supervisor of Criminal Activity*

There is insufficient evidence to support the allegation that Mr. Parker was a manager or supervisor of criminal activity involving five or more participants or was otherwise extensive. While Mr. Parker's criminal activity may have been more active during the 1990's, any information to support this enhancement is too remote in time and unreliable. Moreover, there is no evidence that this enhancement would apply during the timeframe encompassing the Superseding Indictment. As such, Mr. Parker's Total Offense Level should be reduced by three points.

G.      *Criminal History Calculations*

The following criminal history points were improperly added to Mr. Parker's total criminal history calculation: (1) Paragraph 135 – 1 point; (2) Paragraph 140 – 3 points; and (3) Paragraph 141 – 1 point. These prior sentences are outside of the 15 year period of the instant offense (2010-2015) as contemplated by Section 4A1.2(e). As such, Mr. Parkers Criminal History score should be reduced from 16 to 11, which then makes him a Level V.

For the reasons stated herein, the additional drugs, drug weights and enhancements should not apply in this case. If the Court upholds all of defendant's objections, the resulting Base Offense Level would be 34. After subtracting an additional three points for Acceptance of Responsibility, Mr. Parker's Total Offense Level is 31. Furthermore, Mr. Parker's Criminal History Category should be lowered from Level VI to Level V. As such, Mr. Parker's sentencing range should be 168-210 months.

**III. ARGUMENT**

It is well known that the Guidelines are advisory and that the Court can vary from them. The defendant respectfully requests that the court impose a sentence below 168 months, which is sufficient but not greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

A.   *The Sentencing Guidelines are Advisory*

In *United States v. Booker*, the Supreme Court held that sentence guidelines are merely advisory. *Booker,* 543 U.S. 220 (2005). This decision was expanded with *Nelson v. United States,* where the Court decided that not only are the guidelines "*not mandatory* on sentencing courts; they are not *presumed* reasonable." *Nelson,* 129 S. Ct. 890, 892 (2009). In fact, the guidelines only "reflect a rough approximation of sentences that *might* achieve § 3553(a)'s objectives." *Rita v. United States,* 551 U.S. 338, 350 (2007) (emphasis added). "Extraordinary

circumstances [are not required] to justify a sentence outside the Guidelines range." *Gall v. United States,* 128 S. Ct. 586, 595 (2007).

Instead of following the guidelines meticulously, the sentencing court should now use them simply as an advisory tool that should be considered together with the statutory considerations set forth in § 3553(a). *Gall,* 128 S. Ct. at 602; *Kimbrough v. United States,* 522 U.S. 85 (2007); *Cunningham v. California*, 127 S. Ct. 856 (1997). If the defendant is less culpable than the guidelines take into account, then the court may sentence below the guideline range. *United States v. Pauley,* 511 F.3d 468, 473 (4th Cir. 2007). Mr. Parker respectfully submits that a sentence below 168 months is appropriate according to the factors of § 3553(a) as applied to his case.

B.  *Section 3553(a) Factors as Applied to Mr. Parker*

Federal courts must impose the least amount of imprisonment necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a). In determining the sentence to be imposed, the factors under the court's consideration include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense and to deter criminal conduct in the future; (3) the kinds of sentence and the sentencing range established for the particular offense; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar crimes.

1.  *The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.*

Mr. Parker has a long history of drug abuse that has led him to his current situation. Much of his criminal activity was due in large part to feed his addiction.  Mr. Parker anticipates

seeking drug addiction counseling (through the Residential Drug Abuse Program) while in prison, and he does not intend to use any illicit substances upon his release.

Moreover, this is Mr. Parker's first time in federal court. He has expressed remorse for his criminal conduct and he has been extremely cooperative on other cases the Government is actively pursuing (e.g., participating in several debriefs and testifying before the Grand Jury).

2. *The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Deter Criminal Conduct.*

The § 3553(a) factors also take into account the need for the sentence to reflect the seriousness of the offense and to deter future criminal conduct. A sentence between 120 months (as required by statute) and 168 months will deter any future criminal conduct by Mr. Parker and others who are similarly situated. Mr. Parker is 51 years old. A sentence significantly exceeding 168 months could easily be a life sentence. When taking Mr. Parker's age into account, a statutory minimum sentence of 10 years would adequately reflect the seriousness of the offense and deter future criminal conduct. Given his anticipated advanced age upon release, it is likely that Mr. Parker will be deterred from further crime, especially in light of the fact that his sentence will include a lengthy period of supervised release.

3. *The Kinds of Sentence and the Sentencing Range Established.*

When considering the Sentencing Guideline range for Mr. Parker, the court must remember that, "the Guidelines are only one of the factors to consider when imposing sentence..." *Gall v. United States,* 128 S. Ct. 586, 596 (2007). In Mr. Parker's case, the recommended Guideline range of Life is objectively excessive, especially in light of the fact that he only pled guilty to Count One of the Superseding Indictment. Pleading guilty to one count involving one drug should not equal a life sentence.

       *4. The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records who have been Found Guilty of Similar Crimes.*

Of all the factors, this is likely the most relevant to Mr. Parker. The sentences applied to the defendants listed in Paragraphs 36 – 39 of Mr. Parker's PSR are instructive. The defendants in these related cases received sentences of: (1) 188 months (Antonio Saunders, Drug Conspiracy, 2013); (2) 235 months (Troy Saunders, Drug Conspiracy, 1997); (3) 240 months (Todd Lamont Jones, Drug Conspiracy and Possession of Firearm, 2013); and (4) 180 months (Gary Stockdale, Felon in Possession of Firearm, 2013). Counsel for the Government has also disclosed in his Position Regarding Sentencing that another related defendant who is not listed in Mr. Parker's PSR received a sentence of 120 months after his third prosecution in federal court. *See,* Government's Position Regarding Sentencing, ¶ 6, FN 1.

The average sentence for these related cases (when not considering the 1997 sentence of Troy Saunders due to the Guidelines being mandatory during this time) is 182 months. As such, it is respectfully submitted that Mr. Parker should be sentenced near or below the average sentence of related defendants in order to avoid unwarranted sentence disparities.

**IV.    CONCLUSION**

The calculated Guideline range exceeds a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). For all of the reasons stated above, Mr. Parker respectfully requests that the Court impose a sentence below 168 months imprisonment coupled with supervised release, and allow him to receive substance abuse treatment while incarcerated.

Respectfully Submitted,


By:    /s/_____

Anthony M. Gantous
Virginia State Bar No. 78186
PIERCE & THORNTON, PLC
Town Point Center, Suite 801
150 Boush Street
Norfolk, VA 23510
Tel:    (757) 625-7777
Fax:    (757) 625-7760
Email: anthony@pierceandthornton.com
Attorney for Defendant,
Kenneth Lee Parker

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Kevin Comstock, Esq.
Assistant U.S. Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA  23510
Phone No. (757) 441-6331
Fax No. (757) 441-6689
Email: kevin.comstock@usdoj.gov

I further certify that on this same day the foregoing has been emailed to:

Carmen I. Perez
U.S. Probation Officer
600 Granby Street, Suite 200
Norfolk, VA 23510
Email: Carmen_I_Perez@vaep.uscourts.gov

/s/
Anthony M. Gantous
Virginia State Bar No. 78186
PIERCE & THORNTON, PLC
Town Point Center, Suite 801
150 Boush Street
Norfolk, VA  23510
Tel:    (757) 625-7777
Fax:    (757) 625-7760
Email: anthony@pierceandthornton.com
Attorney for Defendant,
Kenneth Lee Parker